Zinman v. Nova Southeastern University. Okay, Mr. Zinman, good morning, welcome back. Good morning, Your Honor. It's an honor to be back before you. My name is Corey Zinman. I'm here proceeding on my own behalf this morning, appealing from the District Court's dismissal of my complaint against Nova Southeastern University, South Florida Stadium, as well as Broward County and Miami-Dade County. As an initial matter, I would like to address the District Court's dismissal of my Title II claims against Nova Southeastern and South Florida Stadium. The District Court held that I failed to state a claim on the grounds that I failed to comply with Title II's so-called notice provision, and it's my... Why don't you start with the injunctive relief for me? To the extent that you sought injunctive relief against NSU, isn't that moot because you're no longer a student at NSU? I believe that my appeal of the denial of my injunction was already addressed in the prior appeal. I don't believe that's the... So that's open, that's resolved? I think I was confusing. I applied for a petition for a preliminary injunction, however, my complaint also addressed injunctive relief as well, and no, I would not concede that. Because I understood you to be saying, and maybe I misapprehended this, that to the extent you're seeking injunctive relief from the university, isn't that issue about the masking moot now because you're no longer there, and therefore are no longer threatened with any harm from any future masking decision the university might make? I would disagree with that position, Your Honor, because it's entirely possible that I could re-enroll at Nova Southeastern, and to enter Nova Southeastern's campus, they don't only offer their students... Pretty speculative though, right? You don't have any firm and definite plans to do that, right, as disclosed by this record, or you're no longer a student there. That is true, Your Honor, however, there's other services available to non-students. The gym is freely available. Did you allege anywhere in the district court that you intended to return to Nova Southeastern? Yes, I did. For the stadium? Yes, I did. Where? It would be in my... Where in the second amendment complaint? I looked, and I couldn't find where you alleged that you intended to return to Nova Southeastern. So I think it's moot, and I think you have an injury problem. Okay. I don't have my complaint handy, so I can't cite to a specific subparagraph over there, but I do know that at least in briefing, I did allege that I had intended to return. Well, let me ask you about the stadium, the South Florida Stadium and injunction relief. In that regard, isn't that moot because you only sought an injunction to enjoin them from requiring you to wear a mask at law school graduation, and the graduation has already occurred? And... Doesn't that render that application for injunction relief moot? Perhaps with respect to the commencement itself, however, South Florida Stadium offers numerous services that I do intend to... We can file a complaint about those someday, but the question is about the graduation, isn't it? No, Your Honor. There was also... Well, to the extent that your complaint is about the graduation, that's moot, isn't it? I would not concede that, Your Honor. I believe that it's capable of repetition, and it's obvious. You'd graduate again? How is it capable of repetition? That I could attend another event at South Florida Stadium, and you did not access. You have to allege that, don't you? We can't just assume that maybe one day you might return to the stadium. I do believe that I did allege that I intended to return to both of those, but I believe that you probably have my complaint before you right now, so... I do. I don't see it. So I mean, when I pursued these claims, I was just a law student before I had passed the bar. So I apologize for my inexperience in my pleadings. Yeah, so... Let me ask you about damages. That's really where you began, and I sort of took you off your argument by asking about injunction first. But with regard to Title II, Count 1 against NSU, NSFS, you seek claims for damages under Title II of the Civil Rights Act of 64, but I don't see how you can do that because it doesn't provide you damages under Title II. Have I misread Title II? I believe that there was a case saying that there was no cause for damages under Title II. However, there has been new case law since then allowing damages under other provisions of the Civil Rights Act, and that was decided. Well, let me tell you what the Supreme Court said. A Title II suit is private and formal only. When a plaintiff brings an action under that title, he cannot receive damages. Newman versus Piggy Park Enterprises. It just strikes me that there's no way you can obtain damages under Title II. Respectfully, Your Honor, at this point, I'm not even seeking damages. This is about the precedential value of the district court's opinion, primarily with respect. You don't have to worry about that. District court opinions don't have precedential value or the persuasive authority. My apologies. Can I ask you about your Title VI claim? Seven. I thought it was Title VI. Actually, no. I apologize. Okay. So, I didn't quite understand it because religious discrimination isn't covered. Is that correct? I would disagree with that. Well, I mean, we're in the Texas. It doesn't say religious discrimination. It's race, national origin. And as I understood your briefing, you were saying Jewish encompasses being of racial and national origin in addition to the religious beliefs, and they're separately intertwined?  So, say someone who's Hispanic converts to Judaism. How would they succeed or could they succeed under your theory? Because they have the same beliefs as you. Well, I mean, it's entirely possible that a Hispanic individual could be born Jewish. No, I'm saying someone, it doesn't matter, someone who's not racially, who would not qualify under a racial and national origin theory as Jewish converts to the religion of Judaism. Are you saying that they can bring a Title VI claim? Under certain circumstances, yes. But you see, the problem that I'm having with the complaint, the second amended complaint, seems to me to be completely devoid of any factual allegation from which we could infer that any of the decisions made by the university are based on race or national origin. Yes, Your Honor. Let alone that NSU harbored some discriminatory intent in issuing the mask policy. Have I misread the complaint? Perhaps not. However, I would submit to you that it is not a requirement at the pleading stage to If an act is unduly burdensome on, well actually, let me just put it to you this way. In Wisconsin v. Godre, the Supreme Court affirmatively held that there are certain areas of the First Amendment beyond the power of the state to control, even under regulations of general applicability, and further that a facially neutral regulation may offend constitutional requirement for government neutrality if its application unduly burdens the free exercise of religion. And it's my position that in that case where the Supreme Court struck down a statute which required individuals to attend school where they found that that was unduly burdensome to Amish individuals and their freedom to practice their religion, that's the same thing that's happening here with universal mandates which require people to either abandon their beliefs or to be denied services. So another point that I'd like to make on that is that in Murphy v. Thomas Oil, this court held that a Title II claim was subject to dismissal because the plaintiff failed to allege that the alleged mistreatment was either motivated by racial animus or that they were treated less favorably. So the way that I read that is not necessarily that it's a requirement to plead that something was motivated by racial or religious animus because that would be an impossible pleading requirement to be able to plead facts pertaining to an entity's particular motivation. I would have no – especially without the ability to conduct discovery at all. Did I answer your question, Your Honor? Okay. Well, I see that my time is expiring, so I guess the – Will you save five minutes for rebuttal, Mr. Zinman? Mr. Bain. Mr. Bain, it seems to me that it would be helpful for each of you to tell us what you think the simplest and cleanest ground for affirmance would be. Yes. Good morning. With respect to each of your clients. And to that point, I had planned – my intention was to dedicate the – my portion of – You're arguing for NOVA, right? I'm sorry? You're arguing for NOVA, right? Yes, Your Honor. All right. So the claims against NOVA, which of those – what's the cleanest way of disposing of those? So, Your Honors, the cleanest way is the same way that this court disposed of the appellant's claims against LA Fitness, which was a case that came before this court. I was on the panel. Correct. And in that case, this court found that the appellant had failed to allege sufficient facts to state a claim under Title II because the appellant failed to provide any allegations that LA Fitness, in this case, NOVA Southeastern and South Florida Stadium, had enacted those policies with the intention of discriminating against any claim. Can he seek damages under Title II? No, Your Honor. He cannot. So why isn't that the simplest answer to the proposition? Well, there's – frankly, Your Honor, I think there's a lot of simple ways to dispose of this matter. That's why I asked which is simplest. Right. And in – I mean, doesn't it fail to state a claim because you just can't get damages under Title II? Because the law is clear. Congress just didn't provide for that. Correct, Your Honor. Based on the Supreme Court case that you already cited and the language of the statute itself and also the fact that the appellant is no longer a student at NOVA Southeastern University, has included no allegations in the Second Amendment complaint that he intended to become a student again at NOVA Southeastern University or otherwise attend. Right. So that's going to the issue of injunctive relief as opposed to damages. Correct. So that covers injunctive relief and the damages, Your Honor. The other issue is, of course, the Second Amendment complaint and the futility of any potential amendment to that Second Amendment complaint based on the fact that the appellant's theory of the case is that he requested an accommodation from the university. He actually includes no allegations that he ever approached South Florida Stadium at all or attempted to enter South Florida Stadium or was denied access to South Florida Stadium. But with respect to NOVA Southeastern University, he did request an accommodation. There's no allegations that any other religious group or any person had requested an accommodation from NOVA Southeastern University and been provided an accommodation. So there's no comparator in the Second Amendment complaint that could provide the basis for his claim. Can I ask about that? He only, as far as I could tell, alleged that he wanted to participate in a clinic and asked for accommodation via NOVA Southeastern or participate in the clinic without a mask. Is that right? There were a couple of different communications, I believe, that the appellant engaged with NOVA Southeastern University. Your Honor is correct. There was a request for... Was there a request to attend classes without a mask? I didn't see that. I just saw the clinic request. No, no. And I believe the appellant requested that the university amend its campus guidelines. But again, I don't I don't believe that that provides a basis for any claim under Title 2 or Title 6. So where I'm going with this is, didn't Palm Beach County impose its own mask mandate on the public defender's office? So even if NOVA Southeastern denied it, it's not traceable to your university? That's correct, Your Honor. And NOVA Southeastern University actually didn't deny that request. They simply stated that the appellant would need to take that up with the side defender. Correct. There are other issues relevant to the commencement defendants, the motion for sanctions and the motion for protective order. But if the panel doesn't have any questions on those issues, I would cede my time to the Miami-Dade. I don't hear any questions. Mr. Zinman didn't bring those up in his opening, so they wouldn't be subject to a proper subject for rebuttal. So I think that's that's all we need. Mr. Geronimo. May it please the court, my name is Joseph Geronimo on behalf of Broward County and Ms. Bertha Henry asking this court to affirm the decision of the trial court. Chief Judge, prior to your direction. So the injunctive and declaratory relief against Broward County, I think that's clearly moved. The law has changed. So but we do have a damages issue under 1983. And I think the cleanest way to deal with that would be just what the trial court did of applying really fundamental principles of constitutional law with free exercise claim. It's a neutral law of general applicability, rational review. Mr. Zinman's reliance on Yoder is, of course, it's not a good law after Employment Vision v. Smith. It's applying the rule of Scherbert v. Verner, which is technically good law, but not in this situation. With respect to free speech, I think wearing or not wearing a mask is clearly conduct, not speech. So the First Amendment doesn't even apply there. And finally, with respect to substantive due process, there is no substantive due process right to not wear a mask. And I think the leading case from this court would be the Pikao case where there's no right to not wear a helmet. And so I think the similar principles would also apply there. I welcome any comments or questions from the panel. There's anything I can assist with. Otherwise, I'm also happy to rest on my briefs. Thank you. Thank you, honey. Miss Morris. Good morning. May it please the court. Lauren Morris, on behalf of Kelly, my county, with respect to the short and simple question, the county request that this court affirm the dismissal by the district court. The simple reason there's no jurisdiction over my immediate county for mootness and standing reasons. At the time, the appellate filed his amended complaint on April 6, 2021. I need a county did, in fact, have a mask mandate in place. However, 10 days before his graduation, my immediate rescinded that mask order. So the issue of anything related to my immediate county, which is the graduation that took place at Novus or at Harvard Stadium was at that point. To the extent that there was a mask mandate, it was one imposed by Nova, not by the county at the time of the graduation. Yes. By May 16, 2021. Following the county's canceled order, appellant's second amended complaint contains no allegations that involve my immediate county. Other than the idea that the county may have terminated the idea of having a mask mandate. That idea in the summer, summer, fall and winter of 2020 was repeatedly issued by many jurisdictions. And the only forward looking allegation that appellant had against the county that he may one day buy property in the county, they're speculative and conclusive. So there's no standing to challenge any orders that may come up in the future with the county, because there was no tie between appellant and the county. Because there was no live case or controversy, the county request that the district court be affirmed. And if there are no further questions, the county rest of its briefs. Thank you, Ms. Morris. Mr. Zinman, you've got five minutes. Thank you. All right. I'd first like to address Mr. Bean's arguments. The whole reason that the the district court dismissed my Title two claims was because I failed, allegedly failed to comply with Title two's notice requirement. And that's not the argument that's being presented before you. We can affirm for any grounds supported by on any grounds supported by the record. I understand that you're on. And there's no damages available. Right. OK. But I guess the reason that I want I specifically want this court to address that issue is because I've had my character and fitness to practice law excorciated for simply for simply stating that. I don't know for, you know, advisory opinions around here. OK, your honor. However, the district court held that. Given the fact that my motion for sanctions had already been rejected by the district court in another case that it was therefore suggestive that a bad faith and that raised concerns about my fitness to practice law. So I do believe that the court should address whether or not it is a requirement to comply with Title two's notice provision and that and whether failure to do so warrant dismissal, especially in light of the Supreme Court's decision. And Oscar Mayer co versus Evans were in the court held that failure to comply with an identical provision of Title seven did not warrant dismissal and that suspension of proceedings would have been preferable. Additionally, your motion for sanctions was not accompanied by a memorandum of law. Right. And that's that's the reason the district court denied it is deficient under the local rule. Right. No, your honor. I do believe that it was accompanied by a memorandum of law. You didn't do it until two weeks later. No, there was an issue with with the clerk's office in that case where they assumed that I didn't but I did personally file the emotion along with memorandum. However, for some reason it was not reflected on the court's docket. Okay. I guess, as to Mr. The opposing counsel for for Broward County he said that Wisconsin versus the order is no longer good law, I'm not aware of any case overruling Wisconsin versus Yoder. And I do believe that such mandate should be not not subject to rational basis review but rather reviewed under either intermediate or or strict scrutiny. And he, I would why I don't quite understand that. Why should it be reviewed under strict scrutiny isn't this a neutral law of general applicability. Therefore subject only to rational basis. I would disagree that this this is this is neither it's neither neutral because it affirmatively compels people to perform certain acts at odds with their religious beliefs. This is different than a situation where somebody is said told not to do something that would be a neutral law but where you're affirmatively compelling somebody to do something that's not neutral. Additionally, with, I guess that that same analysis could have been said about in Wisconsin versus the order. A lot of that requires individuals to attend school is could be viewed as a neutral law of general ability, but they, they, the court nevertheless held that that it intended the constitutional requirement for neutrality, because it was unduly burdensome of the free exercise religion. And I guess the last thing that I want to address is that is as clear to me how this is, this is how this is going, how this will turn out, similar to the fitness case that I didn't pursue these claims to, to be rebellious or I believe that there. I have these, and I wanted to go on the record to stand up for that belief. And that was my intention of bringing forth these claims, it's not to be unprofessional, or, you know, especially with respect to my motion for sanctions right now I never meant to be disrespectful towards opposing counsel or anything like that I just, I thought that I had the right to have my claims heard, and I appreciate you guys for hearing. Well, we've heard him, and we appreciate your argument this morning, and we're going to move to the last case Mr sentiment.